UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| REBECCA ELAINE GATES-COLBERT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:11CV208 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for a determination of whether movant's motion to vacate under 28 U.S.C. § 2255 is time-barred. For the reasons stated below, the Court concludes that it is, and the Court will summarily dismiss this case.

On April 16, 2010, movant pled guilty to one count of felon in possession of a firearm. On July 9, 2010, the Court sentenced movant to seventy-seven months' imprisonment, to be followed by two years of supervised release. Movant did not file an appeal. On November 20, 2011, movant filed her § 2255 motion by placing it in the prison mail system.

Prisoners seeking relief under § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255(f). In this instance, the limitations period began to run when movant's judgment became final.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment

became final on July 23, 2011. Fed. R. App. P. 4(b)(1). As a result, the limitations period expired approximately four months before movant filed her § 2255 motion.

Movant recognizes that her motion was untimely filed. However, she requests equitable tolling of the limitations period because, immediately after she was convicted, her lawyer told her that she could not appeal the sentence because she had waived the right to do so in her plea agreement. Movant also requests relief on the basis that she is unknowledgeable about the law.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) she has been diligently pursuing her rights and (2) an extraordinary circumstance stood in her way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been

warranted"). Moreover, attorney negligence does not warrant equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Even if movant was prevented by her attorney from filing a timely direct appeal, she makes no explanation of why or how her attorney's advice or misconduct prevented her from filing a timely motion under § 2255. Movant has not claimed that she made any effort to diligently pursue her rights during the nearly sixteen-month period between her conviction and the filing of the § 2255 motion. And her lack of legal knowledge is not an extraordinary circumstance that prevented her from timely pursuing her rights. Under these circumstances, equitable tolling is not warranted. As a result, the Court will dismiss this action as untimely.

Moreover, movant waived the right to bring a § 2255 motion except on the grounds of prosecutorial misconduct or ineffective assistance of counsel. United States v. Gates-Colbert, No. 1:10CR39 SNLJ (E.D. Mo.) (Doc. 26). In her § 2255 motion, movant argues that her sentence should be reduced because, due to the United States Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), her criminal history was calculated incorrectly. Movant has not presented any reason to the Court why the plea agreement should not be enforced. E.g., DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). As a result, the motion to vacate should be dismissed for this reason as well.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."

Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate under 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 7th day of February, 2012.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE